138 N.J. Super. 539 (1976)
351 A.2d 765
FORSTER W. FREEMAN, JR., PLAINTIFF-APPELLANT,
v.
PATERSON REDEVELOPMENT AGENCY, A PUBLIC BODY CORPORATE AND POLITIC, UNDER THE LAWS OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1975.
Decided January 12, 1976.
*540 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Douglas C. Borchard, Jr., argued the cause for the appellant (Messrs. Evans, Hand, Allabough & Amoresano, attorneys).
Mr. Harry Zax, Assistant Corporation Counsel for the City of Paterson, argued the cause for the respondent (Mr. Joseph LaCava, Corporation Counsel, attorney).
PER CURIAM.
Plaintiff, owner of a three-story structure in an area which was declared blighted in 1964, sought the appointment of commissioners to assess compensation to be paid "for the taking" of the land and premises or, in the alternative, to compel defendant Paterson Redevelopment Agency to initiate condemnation proceedings. The matter was heard in a summary proceeding. The opinion of the trial judge is reported at 128 N.J. Super. 448 (Law Div. 1974). The judge reasoned that (1) "The defendant Agency has not entered into possession of the property and put it to public use so that mandamus may be utilized to compel payment"; that "This case does not involve regulatory action by a municipality or agency which `has deprived the landowner of all beneficial use of his lands for indeterminate lengths of *541 time'"; that "The damage to plaintiff's property does not constitute `total or substantial destruction of its beneficial use' and is not `different in kind from the damage suffered by other property owners in the area'"; that "Although one prospective tenant was discouraged from renting and other willing tenants have been difficult to find, nevertheless the premises can be used for rental purposes; the Agency's `actions and activities did not in themselves deny to [plaintiff] a market for their property'"; that "In large measure, plaintiff's difficulties are shared with others in similar circumstances and stem from the redevelopment process itself"; that "the facts adduced by plaintiff, although potentially establishing a compensable injury, do not support a conclusion that a taking of his property without compensation has occurred"; and that "In such circumstances the court cannot compel condemnation or appoint commissioners to assess compensation"; (2) "Since a redevelopment agency is not required to acquire the property [N.J.S.A. 40:55-21.10, part of the Blighted Area Act] and there is, designedly, no time limitation within which it must act, a court cannot compel initiation of condemnation before a taking * * * has occurred", and (3) "even assuming that the court could compel condemnation, the equitable considerations contemplated in Lyons [Lyons v. Camden, 52 N.J. 89 (1968)] are not present in this case," and "in light of the agency's inability to secure a potential developer and the municipality's serious taxation problems, the present delay [in acquisition] cannot be deemed unlawful under the circumstances." 128 N.J. Super. at 456-459 Judgment was entered in favor of defendant.
While plaintiff's appeal from that judgment was pending in this court the Supreme Court filed its opinion in Washington Market Enterprises, Inc. v. Trenton, 68 N.J. 107 (1975). In that case the City of Trenton first undertook and then abandoned an urban redevelopment project for the business district of central Trenton in which plaintiff's building, designed for commercial use, was situate. Plaintiff claimed that these activities of the City of Trenton resulted in the substantial *542 destruction of the value of its property; that what had been tenantable office and retail space became largely vacant. Plaintiff sought to compel condemnation or, in the alternative, to recover damages for loss of value. The Supreme Court held, among other things, that (1) "where planning for urban redevelopment is clearly shown to have had such a severe impact as substantially to destroy the beneficial use which a landowner has made of his property, then there has been a `taking of property' within the meaning of that constitutional phrase" (68 N.J. at 110), and (2) "Generally speaking, condemnation should be ordered only where eventual acquisition appears inevitable, * * * or where equitable considerations mandate that remedy," and "A private person is generally better able to develop and exploit a piece of real estate than is a municipality and as a matter of policy it is undesirable to remove ratables from the tax rolls." (68 N.J. at 123).
The court, while deeming it inappropriate in the circumstances to direct Trenton to condemn the Washington Market Enterprises property, reversed the grant of summary judgment which had been awarded to the city and remanded the cause to the trial court for further proceedings consistent with its opinion, stating:
If, however, the plaintiff is successful in its proofs, it should be entitled to damages. Upon remand the plaintiff will be required to show that there has been substantial destruction of the value of its property and that defendant's activities have been a substantial factor in bringing this about. It will be part of its burden of proof to identify the approximate time that this occurred; this will become the date of taking. Plaintiff will then be called upon to establish what the property would have been then worth had there been no declaration of blight and had the ensuing and related activities of the defendant not occurred. Finally, the value of the property as of the date the project was abandoned must be ascertained. This value should actually be determined as of a date somewhat subsequent to the date abandonment was announced so that the market's response to the lifting of the threat of condemnation can be better evaluated. Plaintiff will be entitled to the difference between these sums, with interest from the date of abandonment. It will also be entitled to interest on the value of its property determined as aforesaid as of the date of the hypothesized taking, calculated from *543 that date to the date of the abandonment of the project, less the excess, if any, of rental receipts over actual disbursements made in maintaining the property for this period. [68 N.J. at 123-124]
In the case now before us defendant Agency has not formally abandoned the redevelopment project involved. However, as the trial judge observed:
Presently, plaintiff's property is one of four parcels on the northwest corner of Hamilton and Smith Streets which have not been acquired. The parcels designated for acquisition on the other corners have been acquired, but the intended developments have failed to materialize. Although the funds to finance acquisition of plaintiff's property are available, the Agency is in the process of transferring those funds to other projects that are ready for implementation. [128 N.J. Super. at 453]
Thus, the judicial inquiry now should be whether, applying the principles laid down in Washington Market Enterprises, Inc. v. Trenton, supra, and evaluating the subject property in its present condition, the proofs will support a determination that there has been a de facto taking of plaintiff's property sufficient to allow an award of damages. Has there been an abandonment of the redevelopment project? Has the potential "compensable injury" referred to by the trial judge ripened into an actual compensable injury, and if so, to what extent?
Accordingly, the judgment under review is reversed and the cause is remanded to the trial court for further proceedings consistent herewith. The taking of additional proofs on this remand is to be concluded within 45 days. We do not retain jurisdiction.